UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAVIER TORRES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 15-1637 (MCA)(JBC) |
| v. | : | |
| | : | |
| INVESTORS BANK f/k/a INVESTORS | : | |
| SAVINGS BANK; JOHN DOES I-X, | : | *(Document Electronically Filed)* |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE UNDER FED. R. CIV. P. 12(B)(6)**

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
(973) 643-7000
*Attorneys for Defendant Investors Bank*
*f/k/a Investors Savings Bank*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

    I.      THE COMPLAINT DOES NOT STATE A VALID CLAIM FOR
           RELIEF AGAINST DEFENDANT INVESTORS BANK ................................... 3

    II.     PLAINTIFF'S TILA CLAIM IS TIME BARRED ............................................... 7

CONCLUSION ........................................................................................................................ 9

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................3, 4

*Barr v. Flagstar Bank, F.S.B.*,
2014 U.S. Dist. LEXIS 129878 (D. Md. Sept. 17, 2014) ......................................5, 6

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007)......................................................................................................3

*Bishop v. Fannie Mae (In re Bishop)*,
2015 Bankr. LEXIS 661 (Bankr. D. Del. Mar. 2, 2015)........................................5, 6

*Bistrian v. Levi*,
696 F.3d 352 (3d Cir. 2012)..........................................................................................4

*Connell v. CitiMortgage, Inc.*,
2012 U.S. Dist. LEXIS 162363 (S.D. Ala. Nov. 13, 2012)................................5, 6, 7

*Fazio v. Washington Mut. FA*,
2014 U.S. Dist. LEXIS 79857 (E.D. Cal. June 10, 2014)...........................................5

*Fowler v. UPMC Shadyside,*
578 F.3d 203 (3d Cir. 2009)..........................................................................................4

*Galvin v. EMC Mortg. Corp.*,
2013 U.S. Dist. LEXIS 48961 (D.N.H. Apr. 4, 2013)................................................6

*Giles v. Wells Fargo Bank, N.A.*,
519 Fed. Appx. 576 (11th Cir. May 23, 2013) ...........................................................5

*Kilpatrick v. U.S. Bank, NA*,
2014 U.S. Dist. LEXIS 39472 (S.D. Cal. Mar. 24, 2014) .........................................7

*Rider v. HSBC Mortg. Corp. (USA)*,
2013 U.S. Dist. LEXIS 105747 (E.D. Ohio July 29, 2013)................................6, 7, 8

**FEDERAL STATUTES**

15 U.S.C. § 1640(e) ...........................................................................................................7

15 U.S.C. § 1641(g) ................................................................................................. passim

§ 404(a), 123 Stat 1632, 1658 (2009) ...............................................................................5

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**STATE STATUTES**

Helping Families Save Their Homes Act of 2009, Pub.L. 111-22, Div. ........................................5

**RULES**

*Fed. R. Civ. P.* 12(b)(6)............................................................................................................3, 6, 7

**REGULATIONS**

12 C.F.R. § 1026.39(a)(1) ..........................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff Javier Torres ("Plaintiff") asserts a single claim against Defendant Investors Bank f/k/a Investors Savings Bank ("IB") for an alleged violation of Section 1641(g) of the Truth in Lending Act ("TILA").  More specifically, Plaintiff alleges that IB violated that section by failing to provide a required written disclosure to him within 30 days of an assignment of mortgage from CitiMortgage, Inc. ("CitiMortgage") to IB dated November 20, 2014.  As a result, Plaintiff seeks damages from IB as well as attorneys' fees and costs.

Plaintiff's only claim against IB is misguided because it misapplies the statute and, therefore, should be dismissed with prejudice.  The language of the statute, the interpreting regulation, and cases throughout the United States, all make clear that Section 1641(g) applies to the time at which the debt instrument (*i.e.*, the note) is transferred, not the time at which the security instrument (*i.e.*, the mortgage) is assigned.  Plaintiff's Complaint alleges that IB failed to provide the required disclosure within 30 days of the mortgage assignment to IB on November 20, 2014.  In light of this improper application of the statute and case law, the Complaint should be dismissed with prejudice.

Additionally, TILA claims must be filed within one year from the date of the alleged violation.  Plaintiff does not allege any facts in the Complaint that the alleged violation, *with regard to transfer of the note*, occurred on or after March 5, 2014.  Thus, Plaintiff has failed to state a valid claim because Section 1641(g) claim is time barred by the one (1) year statute of limitations.

## STATEMENT OF FACTS[1]

Plaintiff alleges that he owns and resides at the real property located at 50 Werimus Road, Woodcliff Lake, New Jersey 07677.  (Complaint, ¶ 5).  He claims that on October 28, 2005, he executed a promissory note payable to ABN Amro Mortgage Group, Inc. ("ABN"), which note was allegedly secured by a mortgage.  (Id., ¶¶ 6-7).  Plaintiff asserts that ABN sold the mortgage loan at some unidentified time after the mortgage loan closed.  (Id., ¶ 8).

Plaintiff concedes that he defaulted on the mortgage loan on or about February 1, 2010.  (Complaint, ¶ 9).  CitiMortgage allegedly commenced a foreclosure action on the mortgage in November 2010, which was dismissed in December 2011.  (Id., ¶¶ 11-12).  According to the Complaint, the mortgage loan was sold to IB at some unidentified time, albeit allegedly after the foreclosure action was dismissed in December 2011.  (Id., ¶¶ 10, 13).

CitiMortgage remains the mortgage loan servicer, according to Plaintiff.  (Complaint, ¶ 14).  However, on November 20, 2014, CitiMortgage executed an assignment of mortgage to IB, which was recorded with the Bergen County Clerk on December 4, 2014.  (Complaint, Ex. A).  Plaintiff alleges that "[a]t no time prior to or after the November 2014 Assignment of Mortgage was executed did Investors Bank send any written correspondence to Plaintiff disclosing that it acquired the loan that is the subject of this litigation."  (Complaint, ¶ 17).  More specifically, Plaintiff contends that IB did not send Plaintiff a written disclosure required by Section 1641(g) of TILA.  (Id., ¶¶ 19-22).  As a result of IB's alleged failure to provide this written disclosure, Plaintiff seeks damages and attorneys' fees from IB pursuant to Section 1640(a) of TILA.  (Id., ¶ 23).

---

[1]  As it must, IB treats the allegations in the Complaint as true for purposes of this motion only.

Lastly, IB commenced a foreclosure action on the mortgage and note in New Jersey Superior Court on January 13, 2015.  (Complaint, ¶ 18).  In response, and in an effort to delay the foreclosure action, Plaintiff filed this action against IB on March 5, 2015.  (D.E. 1).

### ARGUMENT

### I.   THE COMPLAINT DOES NOT STATE A VALID CLAIM FOR RELIEF AGAINST DEFENDANT INVESTORS BANK

To survive a *Fed. R. Civ. P.* 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *See id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*  Furthermore, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56.  Thus, although the court accepts the complaint's well pleaded allegations of fact as true, mere recitals of the elements of a cause of action, legal conclusions, and conclusory statements should be disregarded, and the court must the determine whether the facts alleged show that plaintiff has a "plausible claim for relief."  *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.

When faced with a motion to dismiss, the court must conduct a three-part inquiry.  First, the court outlines the elements required for a plaintiff to plead a viable claim; second, the court separates the factual and legal elements of a claim, accepting as true all of the well-pled facts, but disregarding legal conclusions; and third, the court examines the well-pleaded facts to determine whether the facts alleged show that plaintiff has a "plausible claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009).  "Bare assertions" amounting to little more than a formulaic recitation of a cause of action's elements cannot survive a motion to dismiss.  *See Iqbal,* 556 U.S. at 681.

Investors Bank did not violate Section 1641(g) of TILA as an assignment of mortgage does not trigger a disclosure obligation and, therefore, Plaintiff has failed to state a claim for which relief can be granted.  Section 1641(g) of TILA provides as follows:

(g)  Notice of new creditor.

> (1)  In general.  In addition to other disclosures required by his title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including –

>> (A)  the identity, address, and telephone number of the new creditor;

>> (B)  the date of the transfer;

>> (C)  how to reach an agent or party having authority to act on behalf of the new creditor;

>> (D) the location of the place where the transfer of ownership of the debt is recorded; and

>> (E) any other relevant information regarding the new creditor.

> (2)  Definition.  As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of the consumer.

Subsection (g) was added to TILA on May 20, 2009.  *See* Helping Families Save Their Homes Act of 2009, Pub.L. 111-22, Div. A, § 404(a), 123 Stat 1632, 1658 (2009); *see Connell v. CitiMortgage, Inc.*, 2012 U.S. Dist. LEXIS 162363, at *4 and n.3 (S.D. Ala. Nov. 13, 2012). Further, Section 1641(g) does not apply retroactively.  *See*, *e.g.*, *Fazio v. Washington Mut. FA*, 2014 U.S. Dist. LEXIS 79857, at *21 (E.D. Cal. June 10, 2014); *Bishop v. Fannie Mae (In re Bishop)*, 2015 Bankr. LEXIS 661, at *16 (Bankr. D. Del. Mar. 2, 2015).  Therefore, Section 1641(g) of TILA does not apply, as a matter of law, to any transfer of a mortgage loan that was "sold or otherwise transferred or assigned to a third party" prior to May 20, 2009.

The question presented is whether the assignment of mortgage from CitiMortgage to IB on November 20, 2014 obligated IB to send the written disclosure to Plaintiff pursuant to Section 1641(g).  An assignment of the mortgage does not trigger the Section 1641(g) requirement because it is the transfer of the note, not the assignment of the mortgage, that triggers the written disclosure obligation.

Regulation Z, which implements TILA, provides that a person is covered by Section 1641(g) only if he or she "becomes the owner of an existing mortgage loan by acquiring legal title *to the debt obligation*, whether through a purchase, assignment, or other transfer."  12 C.F.R. § 1026.39(a)(1) (emphasis added).  Furthermore, case law provides that Section 1641(g) does not apply to the date the mortgage was assigned, as Plaintiff's Complaint alleges (Complaint, ¶ 21), but instead applies to when the note is transferred.  *See*, *e.g.*, *Giles v. Wells Fargo Bank, N.A.*, 519 Fed. Appx. 576 (11th Cir. May 23, 2013) ("Based on its plain language, § 1641(g)'s disclosure obligation is triggered only when the ownership of the 'mortgage loan' or 'debt' itself is transferred, not when the instrument securing that debt (that is, the mortgage) is transferred."); *Barr v. Flagstar Bank, F.S.B.*, 2014 U.S. Dist. LEXIS 129878, at *13-14 (D. Md. Sept. 17, 2014)

(assignment of deed of trust does not trigger notice obligations under Section 1641(g)); *Galvin v. EMC Mortg. Corp.*, 2013 U.S. Dist. LEXIS 48961, at *48 n.13 (D.N.H. Apr. 4, 2013) ("Second, and more fundamentally, the statute's plain language appears to require notification only when ownership of a debt is transferred, not when ownership of a mortgage or other security interest in a loan is transferred."); *Connell*, 2012 U.S. Dist. LEXIS 162363, at *20 ("According to the statute, then, the 'mortgage loan' is the credit transaction itself (*i.e.*, the Note), not the instrument securing that credit transaction (i.e., the Mortgage)."); *Bishop v. Fannie Mae (In re Bishop)*, 2015 Bankr. LEXIS 661, at *17 (Bankr. D. Del. Mar. 2, 2015) ("For purposes of TILA and Section 1641(g), what matters is the transfer of the debt obligation, generally in the form of the mortgage note.")

*Barr* is on point as the defendant-lender moved to dismiss the complaint with prejudice pursuant to *Fed. R. Civ. P.* 12(b)(6) because the plaintiffs-borrowers based their alleged violation of Section 1641(g) on the assignment of a deed of trust (which is akin to a mortgage and creates a lien on real property) as opposed to the transfer of the note.  The District Court granted the motion, finding it unequivocally clear that the transfer of a deed of trust does not trigger the disclosure obligation under Section 1641(g).  *See id.* at *13-14.

*Rider v. HSBC Mortg. Corp. (USA)*, 2013 U.S. Dist. LEXIS 105747 (E.D. Ohio July 29, 2013) is also instructive.  There, the District Court granted the lender's motion to dismiss the complaint pursuant to *Fed. R. Civ. P.* 12(b)(6) because the plaintiff had not pled, and could not plead, that the lender was a "creditor" as defined under TILA.  The District Court held that "to survive a motion to dismiss a claim under § 1641(g), plaintiff must allege that HSBC Bank is 'the creditor that is the new owner or assignee of the debt,' *i.e.*, the promissory note.  It is not sufficient to simply allege that HSBC is the assignee of the mortgage securing the debt."  *Id.* at

*12.   The Court further noted that the Complaint failed to allege any facts as to when the plaintiff's promissory note was transferred to HSBC.  *See id.* at *13.  Lastly, the District Court noted, and rejected, plaintiff's attempt to rely upon an assignment of mortgage that was attached as an exhibit to the Complaint as triggering the written disclosure obligation under Section 1641(g).  *See id.* at *15.

In light of the overwhelmingly persuasive case law on this issue, the Court should respectively reach the same conclusion and dismiss this action with prejudice.  Plaintiff's Complaint alleges as follows:  "Within 30 days execution [sic] of the November 20th, 2014 assignment of mortgage, Investors Bank was obligated under federal law to issue a written disclosure to Plaintiff identifying its status as 'assignee.'"  (Complaint, ¶ 21).  This allegation, however, fails as a matter of law and is implausible because it is the transfer of the note, not the assignment of the mortgage, which triggers the disclosure obligation.  Thus, Plaintiff has failed to state a claim upon which relief may be granted pursuant to *Fed. R. Civ. P.* 12(b)(6) and the Complaint should be dismissed with prejudice.

## II.   PLAINTIFF'S TILA CLAIM IS TIME BARRED

TILA claims, including those under Section 1641(g), must be filed "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Under Section 1641(g), the violation occurs, and the cause of action accrues, upon the expiration of the 30-day period to provide the written disclosure after the transfer of the note.  *See Kilpatrick v. U.S. Bank, NA*, 2014 U.S. Dist. LEXIS 39472, at *3 (S.D. Cal. Mar. 24, 2014) ("Because 15 U.S.C. § 1641(g) allows a creditor thirty days in which to provide notice to the borrower of a transfer or assignment, the statute of limitations begins to run after those thirty days have expired."); *Connell*, 2012 U.S. Dist. LEXIS 162363, at *8 (TILA claim was barred one year after 30-day window expired).

Here, the Complaint was filed on March 5, 2015, which means that the transfer of the note to IB must have occurred by February 5, 2014, thereby triggering the 30-day window, which would have expired on March 5, 2014. The Complaint, however, fails to plead that the note was transferred to IB on or after February 5, 2014. *See Rider*, 2013 U.S. Dist. LEXIS at *14-16. Instead, Plaintiff uses intentionally vague language such as "[e]ventually the loan consisting of the promissory note and mortgage were sold to Investors Savings Bank," (Complaint, ¶ 10), and "Plaintiff does not know the exact date that the loan was sold to its current owner Investors Bank, however it is believed that the sale took place after conclusion of the 2010 foreclosure action." (Complaint, ¶ 13) This is clearly insufficient to state a plausible claim for relief under Section 1641(g). Thus, due to Plaintiff's failure to plead facts establishing that his claim accrued prior to March 5, 2014, the claim is time barred and it should be dismissed.

-9-

## CONCLUSION

For the foregoing reasons, Defendant Investors Bank f/k/a Investors Savings Bank respectfully requests that the Court grant its motion to dismiss the Complaint with prejudice.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
(973) 643-7000
*Attorneys for Defendant Investors Bank*
*f/k/a Investors Savings Bank*


By: */s/ Joshua N. Howley*
      JOSHUA N. HOWLEY


Dated:  April 28, 2015