## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER TORRES,<br><br>     Plaintiff,<br><br> -against-<br><br>INVESTORS BANK BANK/ aka<br>INVESTORS SAVINGS BANK;<br>CITIMORTGAGE, INC.; JOHN<br>DOES I-X,<br><br>     Defendants. | Civil Action No. 15-01637 (JMV)(MF)<br><br>Hon. John Michael Vazquez<br>United States District Judge<br><br>**ANSWER OF DEFENDANT<br>CITIMORTGAGE, INC. TO<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT**</u> |

  Defendant, CitiMortgage, Inc. ("CitiMortgage"), by and through its attorneys, Sills Cummis & Gross P.C., states as follows in answer to the First Amended Complaint and Jury Demand (the "FAC") of Plaintiff Javier Torres ("Plaintiff" or "Torres"):

## JURISDICTION AND VENUE

  1. Paragraph 1 of the FAC states a legal conclusion to which no response is required. To the extent that a response is required to paragraph 1 of the FAC, the allegations are denied.

  2. Paragraph 2 of the FAC states a legal conclusion to which no response is required. To the extent that a response is required to paragraph 2 of the FAC, the allegations are denied.

## PARTIES

  3. CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the FAC.  To the extent that a response is required to paragraph 3 of the FAC, the allegations are denied.

  4. CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the FAC.  To the extent that a response is required to paragraph 4 of the FAC, the allegations are denied.

5.      CitiMortgage admits only that it services the mortgage loan in question on behalf of Investors Bank, that its principal location of business is 1000 Technology Drive, O'Fallon, Missouri, and that it has an agent for service of process for this litigation at The Corporation Trust Company 820 Bear Tavern Road, West Trenton, New Jersey 08628.  The remainder of the allegations in Paragraph 5 of the FAC are denied.

## COUNT I

**Violation of the Truth in Lending Act 15 U.S.C. 1602 *et seq.***

(Investors Bank)

6.      CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the FAC.  To the extent that a response is required to paragraph 6 of the FAC, the allegations are denied.

7.      The allegations contained in paragraph 7 of the FAC attempt to characterize the promissory note, a document that speaks for itself.  Accordingly, CitiMortgage denies the allegations of this paragraph and respectfully refers the Court to the promissory note for a complete statement of the terms and provisions contained therein.

8.      The allegations contained in paragraph 8 of the FAC attempt to characterize the promissory note and mortgage, documents that speaks for themselves.  Accordingly, CitiMortgage denies the allegations of this paragraph and respectfully refers the Court to the promissory note and mortgage for a complete statement of the terms and provisions contained therein.

9.      CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the FAC.  To the extent that a response is required to paragraph 9 of the FAC, the allegations are denied.

10.     CitiMortgage admits only that Plaintiff has defaulted on the subject mortgage loan.  To the extent that a response is required to the remaining allegations in paragraph 10 of the FAC, CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of them.  To the extent that a response is required to the remaining allegations in paragraph 10 of the FAC, the allegations are denied.

11.     CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the FAC.  To the extent that a response is required to paragraph 11 of the FAC, the allegations are denied.

12.     Admitted.

13.     CitiMortgage admits only that the referenced foreclosure action (Docket No. F-054827-10) was dismissed on December 15, 2011.  The remainder of the allegations in paragraph 13 of the FAC are denied.

14.     CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the FAC. To the extent that a response is required to paragraph 14 of the FAC, the allegations are denied.

15.     CitiMortgage admits only that it services the mortgage loan in question.  The remainder of the allegations in paragraph 15 of the FAC are denied.

16.     The allegations contained in paragraph 16 of the FAC attempt to characterize the assignment of mortgage, a document which speaks for itself.  Accordingly, CitiMortgage denies the allegations of this paragraph and respectfully refers the Court to the assignment of mortgage for a complete statement of the terms and provisions contained therein.

17.     The allegations contained in paragraph 17 of the FAC attempt to characterize the assignment of mortgage, a document which speaks for itself.  Accordingly, CitiMortgage denies

the allegations of this paragraph and respectfully refers the Court to the assignment of mortgage for a complete statement of the terms and provisions contained therein.

18.     CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the FAC.  To the extent that a response is required to paragraph 18 of the FAC, the allegations are denied.

19.     CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the FAC.  To the extent that a response is required to paragraph 19 of the FAC, the allegations are denied.

20.     Paragraph 20 of the FAC states a legal conclusion to which no response is required.  To the extent that a response is required to paragraph 20 of the FAC, the allegations are denied.

21.     Paragraph 21 of the FAC states a legal conclusion to which no response is required.  To the extent that a response is required to paragraph 21 of the FAC, CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the FAC.  To the extent that a response is required to paragraph 21 of the FAC, the allegations are denied.

22.     Paragraph 22 of the FAC states a legal conclusion to which no response is required.  To the extent that a response is required to paragraph 22 of the FAC, CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the FAC.  To the extent that a response is required to paragraph 22 of the FAC, the allegations are denied.

23.     Paragraph 23 of the FAC states a legal conclusion to which no response is required.  To the extent that a response is required to paragraph 23 of the FAC, CitiMortgage

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the FAC. To the extent that a response is required to paragraph 23 of the FAC, the allegations are denied.

24.     Paragraph 24 of the FAC states a legal conclusion to which no response is required. To the extent that a response is required to paragraph 24 of the FAC, CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the FAC. To the extent that a response is required to paragraph 24 of the FAC, the allegations are denied.

**WHEREFORE**, Defendant CitiMortgage, Inc. respectfully requests that the First Amended Complaint and Jury Demand of Plaintiff Javier Torres be dismissed with prejudice and demands judgment in CitiMortgage's favor together with its costs and attorneys' fees and any such further relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

(CitiMortgage, Inc.)

25.     CitiMortgage incorporates by reference its responses to paragraphs 1 to 24 as if fully set forth herein.

26.     CitiMortgage admits only that it appears that Torres' counsel sent a letter to the law firm of Milstead & Associates, LLC dated May 11, 2015. The remainder of the allegations in paragraph 26 of the FAC are denied.

27.     CitiMortgage admits only that it appears that Torres' counsel sent a letter to the law firm of Milstead & Associates, LLC dated May 11, 2015, which is part of Exhibit B to the FAC. The remainder of the allegations in paragraph 27 of the FAC are denied.

28.     CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated May 11, 2015, which is part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 28 of the FAC are denied.

29.     CitiMortgage admits only that it appears that the law firm of Milstead & Associates, LLC sent an e-mail dated May 20, 2015, which is part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 29 of the FAC are denied.

30.     CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated May 27, 2015, which is part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 30 of the FAC are denied.

31.     Paragraph 31 of the FAC states a legal conclusion to which no response is required.   To the extent that a response is required to paragraph 31 of the FAC, the allegations are denied.

32.     CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated June 25, 2015, which is part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 32 of the FAC are denied.

33.     CitiMortgage admits only that it appears that Jennifer Richardson of Milstead & Associates, LLC sent an e-mail dated June 26, 2015, which is part of Exhibit C to the FAC.

34.     CitiMortgage admits only that it appears that CitiMortgage sent a letter dated July 1, 2015, which is part of Exhibit D to the FAC.  The remainder of the allegations in paragraph 34 of the FAC are denied.  Moreover, the allegations contained in paragraph 34.a. are denied.

35.      CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated July 8, 2015, which is part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 35 of the FAC are denied.

36.     CitiMortgage admits only that it appears that Milstead & Associates, LLC sent an e-mail dated July 10, 2015, which is part of Exhibit C to the FAC.   The remainder of the allegations in paragraph 36 of the FAC are denied.

37.     CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated July 15, 2015, which is part of Exhibit C to the FAC.   The remainder of the allegations in paragraph 37 of the FAC are denied.

38.     CitiMortgage admits only that it appears that Milstead & Associates, LLC sent an e-mail dated September 1, 2015, which is part of Exhibit C to the FAC.   The remainder of the allegations in paragraph 38 of the FAC are denied.

39.     CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated September 3, 2015, which is part of Exhibit C to the FAC.   The remainder of the allegations in paragraph 39 of the FAC are denied.

40.     CitiMortgage admits only that it appears that Milstead & Associates, LLC sent an e-mail dated November 2, 2015, which is part of Exhibit C to the FAC.   The remainder of the allegations in paragraph 40 of the FAC are denied.

41.     CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated November 3, 2015, which is part of Exhibit C to the FAC. The remainder of the allegations in paragraph 41 of the FAC are denied.

42.     Paragraph 42 of the FAC states a legal conclusion to which no response is required.   To the extent that a response is required to paragraph 42 of the FAC, the allegations are denied.

43.     CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated November 24, 2015 and that Milstead & Associates, LLC sent an e-mail dated November 24,

2015, which are part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 43 of the FAC are denied.

44.    CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated January 5, 2016, which is part of Exhibit C to the FAC.  To the extent that a response is required to the remaining allegations in paragraph 44 of the FAC, CitiMortgage lacks knowledge or information sufficient to form a belief as to the truth of them.  To the extent that a response is required to the remaining allegations in paragraph 44 of the FAC, the allegations are denied.

45.    CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated January 14, 2016 and that Milstead & Associates, LLC sent an e-mail dated January 14, 2016, which are part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 45 of the FAC are denied.

46.    CitiMortgage admits only that it appears that Torres' counsel sent an e-mail dated February 2, 2016 and that Milstead & Associates, LLC sent an e-mail dated February 2, 2016, which are part of Exhibit C to the FAC.  The remainder of the allegations in paragraph 46 of the FAC are denied.

47.    Paragraph 47 of the FAC states a legal conclusion to which no response is required.   To the extent that a response is required to paragraph 47 of the FAC, the allegations are denied.

48.    Paragraph 48 of the FAC states a legal conclusion to which no response is required.   To the extent that a response is required to paragraph 48 of the FAC, the allegations are denied.

49.    Denied.

50.    Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

**WHEREFORE**, Defendant CitiMortgage, Inc. respectfully requests that the First Amended Complaint and Jury Demand of Plaintiff Javier Torres be dismissed with prejudice and demands judgment in CitiMortgage's favor together with its costs and attorneys' fees and any such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FAC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The FAC is barred by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff has not suffered any actual damages.

### Fourth Affirmative Defense

CitiMortgage complied with the statute at issue.

### Fifth Affirmative Defense

Plaintiff never submitted a complete loan modification application for consideration.

## <u>Sixth Affirmative Defense</u>

CitiMortgage expressly reserves the right to raise such other affirmative defenses as may become available or apparent during discovery.

**WHEREFORE**, Defendant CitiMortgage, Inc. respectfully requests that the Complaint and Jury Demand of Plaintiff Javier Torres be dismissed with prejudice and demands judgment in CitiMortgage's favor together with its costs and attorneys' fees and any such further relief as the Court deems just and proper.

> SILLS CUMMIS & GROSS P.C.
> One Riverfront Plaza
> Newark, New Jersey 07102-5400
> Telephone: (973) 643-7000
> Facsimile: (973) 643-6500
> jhowley@sillscummis.com
> *Attorneys for Defendant Investors Bank f/k/a*
> *Investors Savings Bank and CitiMortgage Inc.*
>
> */s/  Joshua N. Howley*
> JOSHUA N. HOWLEY

Dated:  April 21, 2016

10

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is the subject of one other action pending in the New Jersey Superior Court, Docket No. F-01463-15, and captioned *Investors Savings Bank v. Torres*.

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
jhowley@sillscummis.com
*Attorneys for Defendant Investors Bank f/k/a*
*Investors Savings Bank and CitiMortgage Inc.*


*/s/  Joshua N. Howley*
JOSHUA N. HOWLEY

Dated:  April 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically transmitted the foregoing document to

the Clerk's Office of the United States District Court for the District of New Jersey using the

CM/ECF System for filing and service on all counsel of record.

> SILLS CUMMIS & GROSS P.C.
> One Riverfront Plaza
> Newark, New Jersey 07102-5400
> Telephone: (973) 643-7000
> Facsimile: (973) 643-6500
> jhowley@sillscummis.com
> *Attorneys for Defendant Investors Bank f/k/a*
> *Investors Savings Bank and CitiMortgage Inc.*
>
> */s/  Joshua N. Howley*
> JOSHUA N. HOWLEY

Dated:  April 21, 2016